HOMER C. BOOTH ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF MANCHESTER ET AL.

KING, C. J., MURPHY, ALCORN and COMLEY, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued November 8, 1963—decided February 5, 1964

*Herbert A. Lane,* with whom was *Lewis Segal,* for the appellant (defendant Ansaldi); with him also was *Irving L. Aronson,* for the appellant (named defendant).

*William W. Sprague,* with whom was *John R. Fitzgerald,* for the appellees (plaintiffs).

Murphy, J. The plaintiffs are a group of property owners in Manchester, some of whom are aggrieved by the action of the defendant zoning board of appeals in granting an exception to Andrew Ansaldi permitting him to construct two four-family dwellings in a residence A zone, which is restricted to one-family houses. The court sustained the plaintiffs' appeal because the record failed to disclose any material change of conditions since the denial by the board, approximately a year earlier, of a similar application by a different applicant for substantially the same relief for the major portion of the premises involved here. In the view which we take of the case, it will not be necessary to determine whether the reason for the court's conclusion was correct.

The Ansaldi property, for which the exception was sought, has a frontage of 191 feet on the south side of Summer Street and 237 feet on the east side of McKee Street. It consists of the westerly portion of lot 10 and all of lots 11, 12, 13, 14 and 15 as shown on the map of Greenlawn Terrace. The two four-family dwellings would be built on lots 12, 13, 14, and 15 and would face McKee Street. There is a one-family house on lot 11 and the adjoining half of lot 10, which together have a frontage of 79.5 feet on Summer Street. Ansaldi proposes to have a parking area for nine cars in the rear of the property on which the one-family house is situated, and to have a driveway into the parking area from Summer Street.

The plaintiffs allege in their appeal that the decision of the defendant board "causes premises, not within the scope of the application, to violate the area requirements" of the zoning regulations.

The application requests the exception in order to

erect two four-family dwellings on the parcel of land shown on the plot plan attached to the application. Actually, there are two plot plans. One shows the one-family house on the lot and a half and the parking area in the rear, as well as the proposed buildings on the other four lots; the other shows the layout of the existing lots and of the existing one-family house. The zoning regulations permit an exception for the building of a group of one-family, two-family or multifamily dwellings, or any combination thereof, subject to certain conditions, one of which is that there be at least 4000 square feet of lot area for each dwelling unit in a residence A zone. Manchester Zoning Regs. art. 4, § 2 (d) (1956). The eight units which Ansaldi proposes to erect would require at least 32,000 square feet of lot area. The four lots on which he proposes to build have an area of approximately 24,700 square feet. At the hearing before the board, Ansaldi sought to include the one-family house as a unit in his project so that the land area of that property could be added to the land area of the four lots and thus give him an area in excess of the 36,000 square feet which would be required for nine units. The fallacy of his proposal lies in the fact that he does not intend to build a one-family unit in addition to the two four-family dwellings. There is no provision in the regulations which permits the inclusion of an existing building in a proposed group dwelling complex. The application should have been denied because the land area of the lots on which Ansaldi proposes to construct the dwellings is less than the minimum required in a residence A zone. The possibility that the minimum area requirements can be met by including some of the parking space in the calculation of the area available for the new dwelling units is excluded by

the fact that the total area of the combined properties is only about 43,600 square feet. Under the regulations, 12,000 square feet is required for a house lot in a residence A zone which is not part of a group dwelling complex. The area remaining on the lot and a half after deducting this 12,000 square feet is not enough to bring the other property up to the required minimum of 32,000 square feet.

There is no error.

In this opinion KING, C. J., and COMLEY, J., concurred; ALCORN, J., dissented.